OPINION
{¶ 1} This is an appeal by the mother of the three children cited in the caption of the Juvenile Court's decision which granted permanent custody of them to the Montgomery County Children Services Board. These three children were in separate cases at the trial level, but the decisions in all three have been treated as consolidated, both on the trial court level and upon appeal.
 {¶ 2} The appellant presents the following two assignments of error on appeal:
 {¶ 3} "1. THE TRIAL COURT'S DECISION TO GRANT PERMANENT CUSTODY OF CHEYENNE HARRIS, TRISTIAN LIPPS, AND JOSHUA GILLISPIE TO THE MONTGOMERY COUNTY CHILDREN SERVICES BOARD WAS IMPROPER.
 {¶ 4} "2. THE DENIAL OF A CONTINUANCE DENIED THE APPELLANT HER CONSTITUTIONALLY PROTECTED RIGHT TO PARENT HER CHILDREN."
 {¶ 5} The second assignment of error is not properly before this court because it was not made the subject of an objection to the magistrate's decision and, therefore, cannot be assigned as an error on appeal. Juv.R. 40(E)(3). Thus, the second assignment of error is overruled.
 {¶ 6} We begin our analysis of the first assignment of error by setting forth herein the decision and judgment of the trial court which overruled the objections to the decision of the magistrate and adopted that decision as its own, and entered a final order granting permanent custody to the Montgomery County Children Services Board, as follows:
 {¶ 7} "This matter comes before the Court on objections filed be [sic] Mandy Harris, mother of said children, by and through her attorney Mark Fisher, on September 13, 2004 and supplemented them on December 27, 2004. A response was filed by Montgomery County Children Services, by and through the office of the Montgomery County Prosecuting Attorney, on January 6, 2005.
 {¶ 8} "In her Decision, the Magistrate found by clear and convincing evidence that the Agency made reasonable efforts to prevent the removal from the children's home and to make it possible for the children to return home, but the mother failed to respond to services provided due to her severe substance abuse. Mother is unwilling and has failed to remedy the conditions causing the children to be placed outside the home. Mother's drug problem is severe enough to interfere with the care of the children into the foreseeable future. Mother did not complete her case plan as indicated and the children are unable to be placed with her in a reasonable amount of time. The Guardian Ad Litem recommended that MCCS be granted permanent custody of the children. Reunification with the children's fathers is not possible because they have never indicated a willingness to provide care for the children and neither have completed their case plans. Further, mother is incarcerated for an offence [sic] committed against one of the children. While mother is incarcerated she will be unable to provide regular, on going, and appropriate care for the children. Further, there [sic] no relatives or non-relatives that are willing and able to accept legal custody of the children. Thus, the Magistrate found that it was in the best interests of the children that permanent custody be granted to MCCS.
 {¶ 9} "Ms. Harris is objecting to the Decision of the Magistrate claiming there was clear and convincing evidence that mother had substantially completed her case plan. Further, the bond between the children and their mother should not be broken. The Magistrate incorrectly [sic] found that there were no relatives that were willing and able to accept legal custody of the children.
 {¶ 10} "Upon careful review of the objections, including the record and transcripts, the Court hereby OVERRULES the same. The Court finds that clear and convincing evidence has been presented that it is in the best interests of the children that permanent custody be granted to MCCS. Ohio Revised Code Section 2150.414. The children cannot be placed with either parent within a reasonable time, as the mother and father have not been able to demonstrate a willingness to care for the children due to their inability to show the Court that their children are priority in their lives by completing their case plans. Mother's drug problem is severe enough to interfere with the care of the children into the foreseeable future. Further, mother is currently incarcerated for an offence [sic] committed against one of the children. MCCS has made reasonable efforts to prevent the removal of the children from their home, although these efforts were unsuccessful. O.R.C. Section 2151.419.
 {¶ 11} "Mother's drug abuse has endangered the life of her children, as evidenced by the fact that Cheyenne Harris tested positive for cocaine at birth. (Tr. at p. 19). Further, the Court questions Ms. Harris's parenting skills. Ms. Harris pled guilty to one count of felony child endangerment, and is currently serving a two-year sentence. (Tr. at p. 16). Said children need and deserve a permanent and stable placement, and they cannot wait for two years while Ms. Harris serves the remainder of her sentence.
 {¶ 12} "As for the maternal grandfather, Mr. Harris, being a possible placement, the Court finds him to be an unsuitable guardian. At one point Mr. Harris stopped visitation with the children because of his wife's health. (Tr. p. 70). Further, Mr. Harris was aware of marks on the children and did not report them to the authorities. (Tr. at p. 79-80). Further, the Court questions Mr. Harris' dedication to the children, as Mr. Harris did not file for custody of the children until the day of the hearing. (Tr. at p. 81-82).
 {¶ 13} "The Guardian Ad Litem has recommended that MCCS be granted permanent custody in the hopes that the current foster parents will adopt all three of the children. Based upon all of this evidence and the fact that the child deserves a stable, loving environment for her to grow in, it is in his best interest for permanent custody to be granted to MCCS.
 {¶ 14} "With the above determinations, the Court hereby adopts the Decision of the Magistrate, as its own, with all the provisions and requirements contained therein, and hereby makes the same the ORDER OF THIS COURT.
 {¶ 15} "It is so Ordered."
 {¶ 16} In child custody cases, the focus of any decision must be on what is in the child's best interest. deLevie v. deLevie (1993),86 Ohio App.3d 531, 539. The trial court's discretion should be given "the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned. The knowledge a trial court gains through observing the witnesses and the parties in a custody proceeding cannot be conveyed to a reviewing court by a printed record. In this regard, the reviewing court in such proceedings shall be guided by the presumption that the trial court's findings were indeed correct." Miller v. Miller (1988),37 Ohio St.3d 71, 74 (citations omitted).
 {¶ 17} The trial court's discretion is not absolute, but can be reversed only upon a showing of an abuse of discretion. Miller, supra at 74. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 18} We have reviewed the entire record in these three combined cases and we find that the trial court's decision is supported by clear and convincing evidence. In particular, we note that the issue of whether the children should be placed with the maternal grandfather, Joseph Harris, was rendered moot by Mr. Harris' communication to the trial court that in view of his wife's health condition, it was not appropriate for him to be the custodial parent.
 {¶ 19} We therefore find no grounds to reverse the decision of the trial court in these three cases. The first assignment of error is overruled and the judgments in all three cases are affirmed.
Grady, J. and Donovan, J., concur.
(Hon. Frederick N. Young sitting by assignment of the Chief Justice of the Supreme Court of Ohio).